421, 270 N.E.2d 217.) However, there must be sufficient evidence in the record to support an instruction lest the jury be confused by issues improperly before it. (*People v. Bernette* (1970), 45 Ill.2d 227, 258 N.E.2d 793, *rev'd on other grounds,* 403 U.S. 947, 29 L.Ed.2d 858, 91 S.Ct. 2290, 2291.) "It is the danger that the jury may be misled into believing that in the opinion of the court the evidence would support a finding that the facts exist upon which the proposition of law is based. (*People v. Corbishly,* 327 Ill. 312.)" *People v. Banks* (1962), 26 Ill.2d 259.

In the instant case, defendant's statement, "You don't got nothing to worry about, they ain't got nothing. So say you don't know nothing and we will beat the case in court" does not constitute an admission which would lead to an inference of guilt. Defendant, as well as Wilk, had a right to remain silent. The statement appears to be an expression of defendant's belief that the charges against them could not be proved. We conclude that the trial court erred in giving People's Instruction No. 8 to the jury.

■■ However, a reversal is not warranted in this case. Where an improper instruction is given to a jury, reversal is inappropriate unless it can be said that a defendant was so prejudiced by the instruction as to affect the outcome of the verdict. (*People v. Stewart* (1970), 46 Ill.2d 125, 262 N.E.2d 911; *People v. Parks* (1971), 133 Ill.App.2d 348, 273 N.E.2d 162.) The giving of the instant instruction was harmless error which does not justify reversal since the evidence of guilt is so clear and convincing. (*People v. Haygood* (1965), 60 Ill.App.2d 70, 208 N.E.2d 373.) We have already stated that the jury returned the only reasonable verdict which could have been reached from the evidence presented. The instruction could not have affected the outcome at trial.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS STILLWELL, Defendant-Appellant.

(No. 59371;

First District (3rd Division)—October 17, 1974.

Opinion by Mr. JUSTICE MEJDA.

James J. Doherty, Public Defender, of Chicago (Matthew J. Beemsterboer and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

STEVEN TOUSHIN et al., d/b/a STRATFORD-ON-AVON, Plaintiffs-Appellants, v. THE CITY OF CHICAGO et al., Defendants-Appellees.

(No. 59707;

First District (3rd Division)—October 17, 1974.